UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATIONSTAR MORTGAGE LLC,

                      Plaintiff,

      -against-

**REPORT & RECOMMENDATION**
16-CV-3063 (ADS)(AYS)

THOMAS MCCARTHY, if he be living or dead, his spouse, heirs, distributes, and successors in interest, all of whom and whose names and places of residence are unknown to Plaintiff;
MAYRA ORTEGA; HELEN CHRISTIAN REDA; STATE OF NEW YORK, and "JOHN DOE" said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being forecloses herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises,

                      Defendants.
------------------------------------------------------------

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Nationstar Mortgage, LLC's ("Nationstar" or "Plaintiff") motion for default judgment and judgment of foreclosure and sale. See Docket Entry ("DE") [26]. Plaintiff also seeks to amend the caption to delete Defendant "John Doe," and to substitute Selene Finance LP as the plaintiff, in the place and stead of Nationstar. See id. By way of a Complaint dated June 13, 2016, Plaintiff commenced this foreclosure action against Defendants Thomas McCarthy ("Mr. McCarthy"), Mayra Ortega ("Ms. Ortega"), Helen Christian Reda ("Ms. Reda"), and John Doe (together "Defendants"), seeking, among other things, to foreclose on a mortgage encumbering the real property located at 31 Brookhaven Drive, Rocky Point, NY

1

11778 (the "Subject Property"). See DE [1].  Plaintiff amended its complaint on August 23, 2017 solely to include Defendant State of New York (hereafter included within "Defendants") and to have the caption on the Summons conform with the caption on the Complaint. See DE [14]. After Defendants failed to answer or otherwise respond, the Clerk of the Court entered default against them on June 4, 2018. See DE [22].  On December 13, 2018, Plaintiff filed the instant motion for default judgment and to amend the caption. See DE [26].  On December 14, 2018, Judge Spatt referred the motion to this Court for a recommendation as to whether the motion for a default judgment should be granted, and if so, what relief, if any, should be awarded. See DE [27].  For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as described below.

## BACKGROUND

I. Facts

On October 20, 2006, Mr. McCarthy and Ms. Ortega executed and delivered a note (the "Note") to Greenpoint Mortgage Funding, Inc. ("Greenpoint") in the principal amount of $310,000 in connection with the Subject Property. See Amended Complaint ("Am. Compl.") at 20, DE [14].[1]  To secure payment of the principal sum, Mr. McCarthy and Ms. Ortega executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Greenpoint, a mortgage lien on the Subject Property (the "Mortgage"). See Am. Compl. at 27, DE [14].  On November 8, 2006, the Mortgage was recorded in the Suffolk County Clerk's Office in Liber M00021414 at page 819. See id. at 24.  On February 15, 2012, MERS assigned the Mortgage to Bank of America. See id. at 50.  On September 17, 2013, Bank of America assigned the Mortgage to Plaintiff. See id. at 53.  On February 2, 2018, Plaintiff assigned the

---

[1] For ease of reference, all page numbers referred to reflect the ECF page number listed on the top of the document.

2

Mortgage to Selene Finance LP. See Def. Mot., DE [26]; Affidavit of Anthony D'Addona ("D'Addona Aff."), ¶ 3, Ex. J. This assignment was recorded in the Suffolk County Clerk's Office on February 6, 2018, in Liber M00022899 of Mortgages, page 066. See id.

Pursuant to the Note, Mr. McCarthy and Ms. Ortega are obligated to make monthly principal and interest payments. See Am. Compl. at 20, DE [14]. If Mr. McCarthy or Ms. Ortega failed to pay any full monthly payment on the date it was due, they would be in default. See id. at 21. If Mr. McCarthy or Ms. Ortega did not cure the default after receiving proper notice, the Note and the Mortgage allow Plaintiff to accelerate the loan and demand immediate payment in full of all outstanding principle and interest. See id. at 22, 40-41. Failure to make immediate payment in full allows Plaintiff to bring a lawsuit to extinguish Mr. McCarthy and Ms. Ortega's interest and sell the Subject Property. See id. at 39.

Consistent with these terms, Plaintiff alleges that Mr. McCarthy and Ms. Ortega failed to make the required monthly payment due on March 1, 2008. See Motion for Default Judgment ("Def. Mot.") Ex. D, DE [26-6] at 12; D'Addona Aff. ¶ 7, Ex. J, DE [26-12] at 4. On December 3, 2015, Plaintiff sent Mr. McCarthy and Ms. Ortega a Notice of Default as required by section 22 of the Mortgage and a ninety-day pre-foreclosure notice as required by N.Y. Real Prop. Act. § 1304. See Ex. H, 30-day demand, DE [26-10]; Ex. I, 90-day pre-foreclosure notice, DE [26-11]. Plaintiff filed its ninety-day foreclosure notice with the New York State Department of Financial Services as required by N.Y. Real Prop. Act. § 1306. See Ex. I, DE [26-11].

As set forth above, by way of Complaint dated June 13, 2016, Plaintiff commenced this action against Defendants, seeking a Judgment of Foreclosure and Sale for the Subject Property. See Compl. ¶ 1, 27, DE [1]. According to Plaintiff, Mr. McCarthy and Ms. Ortega own the Subject Property and both were co-mortgagors under the original mortgage dated October 20,

3

2006, to secure the sum of $310,000. See D'Addona Aff. ¶ 3, DE [26-12]. Plaintiff also alleges that "John Doe" are unknown citizens of New York, tenants, occupants, persons or cooperation's, heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors or successors "whose interest or lien is either subordinate to Plaintiff's Mortgage, paid in full, equitably subordinated, or adverse to Plaintiff's mortgage." See Am. Compl. ¶ 6, DE [14]. Plaintiff further alleges that Defendant Ms. Reda is a "judgment creditor by virtue of a Suffolk County Court judgment filed on March 17, 2009 for $8,890.00 vs. Mayra Ortega." See Am. Compl. at 10, DE [14].

Summons were issued. See Ex. D, DE [26-6]. Plaintiff served Ms. Reda on June 30, 2016. Ex. E, DE [26-7]. Plaintiff served Ms. Ortega on July 25, 2016. See id. Plaintiff served the State of New York on September 6, 2017. See id. Pursuant to Judge Spatt's order (see Ex. C, DE [26-5]), Plaintiff served Mr. McCarthy by publication in *Newsday* and the *New York Post* on August 31, September 7, September 14, and September 21, 2017. See Ex. E, DE [26-7]. At Plaintiff's request the Clerk of the Court entered default against Defendants when Defendants failed to answer or otherwise respond to the Complaint. See Ex. F, DE [26-8].

On December 13, 2018, Plaintiff filed the instant motion for default judgment, seeking to recover a total amount of $631,838.71 in damages, including: (i) $305,315.41 for the outstanding principal amount due on the Note; (ii) $183,141.81 for accrued interest; (iii) $129,502.89 for advances; (iv) $10,403.60 for costs and disbursements; and (v) $3,475 for attorney's fees. See Def. Mot., Ex. L, DE [26-14]. Plaintiff further seeks entry of a Judgment of Foreclosure and Sale and appointment of a referee to effectuate the sale of the Subject Property pursuant to the terms of a proposed form of judgment. See Def. Mot., DE [26]; Ex. M, Proposed Judgment, DE [26-15].

4

## DISCUSSION

I.     Motion to Amend the Caption to Remove Defendant "John Doe."

The Court first addresses Plaintiff's motion to amend the caption to remove "John Doe" and discontinue this action against them. See Def. Mot., DE [26]. Plaintiff states that "the defendants named in this action as 'John Doe' are not necessary and have not in fact been served in this action." See id. Therefore, Plaintiff requests that this Court dismiss such John Doe from this action. See id. Dismissal of said Defendant is proper pursuant to Federal Rule of Civil Procedure 4(m) based on Plaintiff's failure to identify and serve Defendant within 90 days after filing of the complaint.[2] See Freddy Quintanila v. Good Eats Meal Plan Corp., No. 18-CV-04350, 2019 WL 1936731, at *1 (E.D.N.Y. May 1, 2019). Moreover, Rule 15 of the Federal Rules of Civil Procedure requires the Court to "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, because there appears to be no other interest in the Subject Property, this Court recommends that this portion of the motion be granted and that Defendant John Doe be dismissed from this action.

II.    Motion to Amend the Caption to Substitute Selene Finance LP for Nationstar

The Court next addresses Plaintiff's motion to amend the caption to substitute Selene Finance LP for Nationstar. Plaintiff asserts that it assigned the Mortgage to Selene Finance on

---

[2] Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

5

February 2, 2018, and that this assignment was recorded in the Suffolk County Clerk's Office on February 6, 2018, in Liber M00022899 of Mortgages, page 066. See id.

Accordingly, this Court recommends that this portion of the motion be granted and Selene Finance LP be substituted for Nationstar as the plaintiff in this action. See OneWest Bank, N.A. v. Iammatteo, No. 15-CV-0434, 2016 WL 5136513, at *2 (E.D.N.Y. Sept. 21, 2016).

III.   Motion for Default Judgment

Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides a two-step process. See Fed. R. Civ. P. 55; Priestly v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. See id. Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." Allstate Ins. Co. v. Howell, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "unconverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted

6

as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-04657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether the plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[Prior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

In the event liability is established, the court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991).

Pursuant to New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." OneWest Bank, N.A. v. Hawkins, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015) (citing Campaign v. Barba, 23 A.D.3d 327, 327, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence. See U.S. v. Watts, No. 13-cv-3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.").

7

Here, the allegations in the Complaint, as well as documentary evidence submitted in support of Plaintiff's instant motion, establish that Plaintiff is entitled to default judgment. Plaintiff has produced copies of the Mortgage and Note, thereby establishing Mr. McCarthy and Ms. Ortega's obligations arising thereunder. See Am. Compl. at 20-23, 27-46, DE [14]. Plaintiff has also established that Mr. McCarthy and Ms. Ortega defaulted on March 1, 2006, and failed to cure their default despite Plaintiff's proper demands for full payment of all outstanding principal and interest. See Ex. H, Notices of Default, DE [26-10]; Ex. J, D'Addona Aff. ¶¶ 4, 5, DE [26-12]. Because Defendants failed to answer the Complaint or oppose the instant motion, Defendants have failed to rebut Plaintiff's prima facie showing that it is entitled to default judgment.

Accordingly, this Court recommends that Plaintiff's motion for default judgment be granted.

IV.   Damages

Plaintiff seeks a total of $631,838.71 in damages, including (1) $617,960.11 amount due on the note; (2) $10,403.60 in costs and disbursements; and (3) $3,475.00 in attorney's fees. See Def. Mot., Ex. L, Statement of Damages, DE [26-14]. Plaintiff also seeks entry of a Judgment of Foreclosure and Sale permitting plaintiff to foreclose upon and sell the Subject Property at auction. See Def. Mot., DE [26].

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-appearing party. See Fed. R. Civ. P. 55. "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to

8

contest the amount" claimed. Id.  Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

      1.      Outstanding Amount Due on Note

Plaintiff seeks to recover a total of $617,690.11 for the outstanding amount due on the Note, which is comprised of: (i): $305,315.41 for an unpaid principal balance; (ii) $183,141.81 in interest, accrued at a rate of 6.125% from February 1, 2008 to October 15, 2018; (iii) $129,502.89 in other amounts.

      i. Principal

Pursuant to the terms of the Note, Mr. McCarthy and Ms. Ortega promised to pay Plaintiff a total of $310,000 plus interest. See Am. Compl. ¶ 11; Ex. G, DE [26-9].  Plaintiff submitted documentation asserting that, at the time of Mr. McCarthy's and Ms. Ortega's default on March 1, 2008, the Note had an unpaid balance of $305,315.41. See D'Addona Aff. ¶ 7, DE [26-12]; Statement of Damages, DE [26-14].  Plaintiff's allegations and documentation further establish that Mr. McCarthy and Ms. Ortega did not make any further payments to reduce the outstanding principal balance after their initial default. See id.

Accordingly, this Court recommends Plaintiff be awarded $305,315.41 to recover for the unpaid principal balance under the Note.

      ii. Interest

The Note further provides that, both before and after default, interest accrues on the outstanding principal balance at an interest rate of 6.125%. See Am. Compl.; Ex. G, DE [26-9]. Applying the Note's 6.125% annual interest rate to the $305,315.14 outstanding principal balance, interest accrues at a rate of $51.23 per day. [3]  Plaintiff's allegations establish that Mr.

---

[3] The daily rate is calculated by multiplying the unpaid principal balance by the annual interest rate divided by 365 days.

McCarthy and Ms. Ortega's first missed payment occurred on March 1, 2008. See Notices of Default, Ex. H, DE [26-10]; D'Addona Aff., Ex. J, DE [26-12]; Statement of Damages, Ex. L, DE [26-14]. Plaintiff requests $183,141.81 for interest that has accrued from February 1, 2008, to October 15, 2018. See Statement of Damages, Ex. L, DE [26-14]. This amounts to 3909 days' worth of accrued interest. See id. The Court's calculations show $200,258.07 in accrued interest for this time period.[4] However, this Court recommends Plaintiff be awarded the requested amount of $183,141.81.

This Court further recommends that Plaintiff be awarded $51.23 in per diem interest until the date on which judgment is entered. See E. Sav. Bank, FSB v. Beach, No. 13-cv-0341, 2014 WL 923151 (E.D.N.Y. Mar. 10, 2014) (ordering award of per diem interest in action for judgment of foreclosure and sale).

Additionally, this Court recommends awarding post-judgment interest be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute); Builders Bank v. Northern Funding, LLC, No. 08-cv-3575, 2012 WL 4928854, at *1 (E.D.N.Y. Oct. 16, 2012) (awarding post-judgment interest at the federal rate in action for judgment of foreclosure and sale).

---

[4] 3909 days x $51.23 = $200,258.07

10

iii. Other Amounts

Plaintiff also seeks a total of $129,502.89 in other amounts which is comprised of: $77,612.19 for Taxes; $20,458.73 for Hazard Insurance; $1,143.00 for Inspections; $10,677.05 for Maintenance; and $19,611.92 for Mortgage Insurance Premiums. See Statement of Damages, Ex. L, DE [26-14]; D'Addona Aff., Ex. J, DE [26-12]. Plaintiff has submitted documents supporting these amounts, thus establishing its damages with "reasonable certainty." See DE [28]; DE [28-1]; Credit Lyonnais, 183 F.3d at 155.

Accordingly, this Court recommends Plaintiff be awarded $129,502.89 in damages for Taxes, Hazard Insurance, Inspections, Maintenance, and Mortgage Insurance Premiums.

2. Costs and Disbursements

Plaintiff further seeks a total of $10,403.60 in Costs and Disbursements. See Statement of Damages, Ex. L, DE [26-14]. the Costs and Disbursements are comprised of: (i) $200.00 for costs before note of issue; (ii) $150.00 for allowance by statute; (iii) $50.00 for an additional allowance; (iv) $400.00 fee for the index number; (v) $440.00 Clerk's fee for filing the Notice of Pendency; (vi) $560.00 for searches; (vii) $1,731.20 for service of the Summons and Complaint; (viii) $90.00 for Submission of Order of Reference and Judgment; and (ix) $6,782.40 for fees for publication. See Statement of Damages, Ex. L, DE [26-14].

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); 1st Bridge LLC v. 682 Jamaica Ave. LLC, No. 08-cv-3401, 2010 WL 4608326, at *6 (E.D.N.Y. July 13, 2010) (Report and Recommendation), adopted by 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010) (setting forth the rule). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd.,

11

No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting Pennacchio v. Powers, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).

Here, Plaintiff has submitted sufficient invoices, receipts, or other documentary proof of the $400.00 filing fee, $150.00 for allowance by statute, $50.00 for the additional allowance, the $15.00 Clerk's fee for filing Notice of Pendency[5], $560.00 for paid for searches, $1,710.00 for service of Summons and Complaint[6], the $90.00 fee for Submission of Order of Reference and Judgment, and $6,782.40 for fees for publication. See DE 1; Def. Mot. DE [26]; Ex. L, Statement of Damages, DE [26-14].

Accordingly, this Court recommends Plaintiff be awarded $9,757.40 to recover for costs and disbursements.

Plaintiff has not submitted documentary proof of the $200.00 costs before note of issue. Accordingly, this Court recommends Plaintiff be denied its request for this cost.

3. Attorney's Fees

Plaintiff seeks attorneys' fees in the amount of $3,475.00 See Statement of Damages, Ex. L, DE [26-14]. The Note and Mortgage provide that the borrowers are responsible for the lender's attorneys' fees incurred in enforcing the Note or caused by the borrower's default. See Am. Compl. at 21 ¶ E, 41 at ¶ 22.

The Second Circuit utilizes the "presumptively reasonable fee" method to determine reasonable attorneys' fees or "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183, 186 (2d Cir. 2008); see also Hensley v. Eckerhart, 461

---

[5] Plaintiff requests $440.00 under CPLR § 8021(a)(10). This statute, however, provides for only a $15 fee in mortgage foreclosure actions in Suffolk County. See NY CPLR § 8021(a)(10).

[6] Plaintiff requests $1,731.20. However, Plaintiff has only submitted documentation for $1,710 in costs.

12

U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058–59 (2d Cir. 1989).  In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133-34 (2d Cir.1994); DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133.  The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983).

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.  Reasonable hourly rates are determined by examining the "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994).  Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. Chambless, 885 F.2d at 1059.

Rather than providing contemporaneous time records, Plaintiff's counsel states that he charged a flat fee of $3,475 for this matter. See Attorney Fee Affirmation, Ex. K, DE [26-13]. Ordinarily, without detailed time records, this Court cannot make a meaningful assessment of the

13

reasonableness of attorneys' fees. See Carey, 711 F.2d at 1148. Moreover, since Plaintiff has chosen to litigate in federal court, its counsel should be aware of the requirements for a fee award. "However, adherence to fee calculations based on a lodestar may effectively raise costs to the defendant in routine collection cases." OneWest Bank, NA v. Raghunath, No. 14-cv-3310, 2015 WL 5772272, at *6 (E.D.N.Y. Sep. 8, 2015). Given the amount of work reflected in the Plaintiff's submissions and the work described in counsel's affirmation as having been performed, this Court finds an award for attorneys' fees is appropriate under the circumstances. See E. Sav. Bank v. Whyte, No. 13–CV–6111, 2015 WL 790036, at *3 (E.D.N.Y. Feb. 24, 2015) (adopting recommendation to award $3,870 in attorneys' fees for default judgment in foreclosure action); E. Sav. Bank v. Evancie, No. 13–cv–00878, 2014 WL 1515643, at *2 (E.D.N.Y. Apr.14, 2014) (adopting recommendation to award $5,687.50 in attorneys' fees for default judgment in foreclosure action); Nationstar Mortgage LLC v. Mullany, No. 2:16-cv-05501, 2018 WL 4637352, at *1 (adopting recommendation to award $3,500 in attorneys' fees for default judgment in foreclosure action notwithstanding the absence of contemporaneous time records).

Thus, this Court respectfully recommends awarding Plaintiff attorney's fees of $3,475.00, notwithstanding the absence of any time records.

    4.    Judgment of Foreclosure and Sale and Appointment of Referee

Plaintiff further seeks a judgment of foreclosure and sale and appointment of a referee. A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." 1st Bridge LLC, 2010 WL at *3; see OneWest Bank N.A. v. Cole, No. 14-cv-03078, 2015 WL 4429014, at *1 (authorizing foreclosure and sale of property upon entry of default judgment). Further, courts routinely

14

appoint referees to effectuate the sale of foreclosed properties.  See, e.g., PMP Tech. Servs., LLC v. Mazoureix, No. 14-cv-4834, 2015 WL 5664823, at *1 (E.D.N.Y. Sept. 23, 2015) (awarding a judgment of foreclosure and sale under the supervision of a referee); E. Sav. Bank, FSB v. Evancie, No. 13-cv-00878, 2014 WL 1515643, at *1, 4 (E.D.N.Y. Apr. 18, 2014).

Having determined that Plaintiff has established its presumptive right to foreclose upon the Subject Property due to Defendants' default, this Court recommends appointing a referee to effectuate the foreclosure and sale of the Subject Property.  This Court further recommends that the proceeds of the sale be applied to the total amount owed on the Note as set forth above.  See OneWest Bank, N.A. v. Denham, No. cv 14-5529, 2015 WL 5562980, at *14 (recommending that the relevant property be foreclosed upon and sold with the proceeds being applied to the outstanding amount owed on the note).

V.      Defendants' Liability

Named Defendants Helen Christian Reda and the State of New York did not sign the Note or the Mortgage, and, therefore, they are not personally obliged to pay any of these amounts in relation to the Subject Property. See Am. Compl. at 22, 42.  The judgment of this action is to be held against the Subject Property and Defendants Mr. McCarthy and Ms. Ortega.

## CONCLUSION

For the reasons set forth herein, the Court recommends that Plaintiff's motion to amend the caption and dismiss Defendant John Doe be granted.  The Court recommends that Plaintiff's motion to amend the caption and substitute Selene Finance LP for Nationstar as the plaintiff of this action be granted.  The Court further recommends that the motion for default judgment be granted and that Plaintiff be awarded:

1) $305,315.41 to recover for the unpaid principal balance under the Note;

15

2) $183,141.81 to recover for unpaid interest from February 1, 2008, to October 15, 2018;

3) $129,502.89 to recover advances for taxes, hazard insurance, inspections, maintenance, and Mortgage Insurance Premiums;

4) Per diem pre-judgment interest in the amount of $51.23 per day until judgment is entered;

5) Post-judgment interest pursuant to 28 U.S.C. § 1961(a);

6) $9,757.40 in costs and disbursements; and

7) $3,475.00 in attorneys' fees.

The Court further recommends that an Order similar to Plaintiff's Proposed Judgment of Foreclosure and Sale, but consistent with the instant Report and Recommendation, be entered and that a referee be appointed to effectuate the sale.

## OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by July 30, 2019. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See Ferrer v. Woliver, No. 05-3696-pr, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

16


Dated: Central Islip, New York
      July 26, 2019

                                        /s/ Anne Y. Shields
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge

Case 2:16-cv-03063-ADS-AYS   Document 29   Filed 07/26/19   Page 17 of 17 PageID #: 685